JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant Kelly Price was an employee of the city of Cincinnati. He was randomly selected to submit to a drug screen and was taken to a testing facility. Later, after the test, Price received a call from a doctor at the facility, who told Price that his urine specimen was diluted and that he would have to submit to a second test. That same day, he was taken back to the facility for another drug screen. He was then told that his urine collection would have to be witnessed. A female lab technician told him she would get a male security guard as a witness. Price refused to take the test, claiming that his refusal was because the witness would be a female and that this was in violation of federal regulations. Price was charged with insubordination, and a third test was scheduled. He did not appear for the third test. Under city regulations, an employee's refusal to submit to a drug test is deemed a positive test, and any employee who receives two positive tests is subject to dismissal. Since Price refused two tests, he was terminated.
Price appealed his termination to the Cincinnati Civil Service Commission, and after a hearing, the commission unanimously upheld the termination. An appeal to the common pleas court resulted in that court affirming the commission's ruling. Price now appeals from the common pleas court's decision, asserting two assignments of error. Because we find neither assignment to be well taken, we affirm the judgment of the common pleas court.
In his first assignment of error, Price argues the trial court erred in affirming the ruling of the commission. He contends that the commission relied on unreliable and conflicting testimony, and that his assertion that he had only refused to provide a specimen because he would have been observed by a female should have been believed. In his second assignment, he claims that the federal regulations were not followed in his testing. Because these assignments are interrelated, we consider them together.
In reviewing a decision of the Civil Service Commission, the common pleas court must weigh the evidence in the record to determine whether the commission's decision is supported by reliable, probative and substantial evidence. If so, it must affirm.[1] In turn, this court has a more limited review power. We must affirm the common pleas court's decision unless we conclude, as a matter of law, that the court's decision is not supported by a preponderance of substantial, reliable, and probative evidence.[2]
The commission heard from six witnesses in this case. The primary witness for the city was Deloris Lewis; she was the lab technician on duty when Price came in for the second test. She testified that she was going to send out for a male security guard to witness Price's test, that she so informed Price, but that he refused to take the test and then did not appear for the third scheduled test. The only witness of the six to contradict her account was Price himself. Clearly the commission, as well as the trial court, chose to believe the city's witnesses over Price. Because there was a preponderance of substantial, reliable, and probative evidence supporting Price's termination, we cannot say the trial court erred in affirming the commission's decision.
Nor can we conclude that the city violated federal testing procedures. Price's first test was invalid because of dilution. The federal regulations[3] provide that under these circumstances, the employer can direct the employee to give another sample under direct observation. Thus, the city was within its rights to order the observed test. Price refused when he found out that he would be observed. Because the record and the findings of the commission reflect that the city followed the proper procedures, we overrule Price's first and second assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Hendon JJ.
[1] Satterfield v. Ohio Dept. of Rehab. (June 25, 1996), 10th Dist. No. 96APE01-97.
[2] Smith v. Granville Twp. Bd. of Trustees,81 Ohio St.3d 608, 613, 1998-Ohio-340, 693 N.E.2d 219.
[3] Section 40.67, Title 49, C.F.R.